IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JACK D. FRILEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | 16-cv-013 |
| | ) | |
| FUTURE INCOME PAYMENTS, LLC, | ) | |
| PAUL P. YOUNG, and JOSEPH | ) | |
| CHORA, | ) | |
| Defendants. | ) | |

COMPLAINT

COMES NOW the Plaintiff and alleges the following against the Defendants:

INTRODUCTION

1. This case seeks damages under the Truth in Lending Act, the Electronic Fund Transfers Act, and the Fair Debt Collection Practices Act for the Defendants' predatory lending and collection practices. The Defendants operate and abet a scheme that targets military retirees who have been hit with hard times in order to make loans at exorbitant interest rates. Defendants believe that since they label their contracts as "Purchase and Sale Agreements," they are exempt from complying with any laws relating to consumer finance. For the reasons stated below, they are wrong, and their reprehensible efforts to drain the financial lifeblood of our nation's veterans and military retirees should be stopped.

JURISDICTION

2. This Court has federal question jurisdiction over this case, as it arises under and involves numerous federal statutes, including 15 U.S.C. §1601, 15 U.S.C. §1693, 15 U.S.C. §1692, and 38 U.S.C. §5301.

## PARTIES

3. The Plaintiff, Jack Friley, is a resident citizen of Mobile, Alabama.

4. Defendant Future Income Payments, LLC ("FIP") is a Delaware corporation whose principal place of business is in California.

5. FIP describes itself as a "Pension Cash Advance Originator," and does business in Alabama and other states.

6. Defendant Paul P. Young is a California attorney and, upon information and belief, the owner of the Law Offices of Paul P. Young.

7. Young is a debt collector and, at all times relevant to this proceeding, was acting in an attempt to collect a consumer debt allegedly owed by Mr. Friley to FIP.

8. Defendant Joseph Chora is a California attorney and, upon information and belief, is an employee of Defendant Young.

9. Chora is a debt collector and, at all times relevant to this proceeding, was acting on behalf of his employer, Young.

## FACTS

10. Jack Friley served in the United States Navy for 20 years. He received an honorable discharge on October 31, 2005.

11. Because of his long service, Mr. Friley became entitled to a substantial pension, which was paid monthly by the Defense Finance and Accounting Service via direct deposit to his personal checking account at BBVA Compass Bank.

12. Mr. Friley has stable and gainful employment at Austal's facility in Mobile,

Alabama.

13. A few years back, his wife was diagnosed with cancer, and this caused tremendous strain on their family - financial and otherwise.

14. Searching for ways to deal with the financial burdens that followed, Mr. Friley found some advertisements of the Defendant, Future Income Payments, LLC ("FIP").

15. FIP promised a quick payment of cash that Mr. Friley could repay over the next five years.

16. FIP prepared an electronic document to memorialize the transaction. A copy of it is attached as Exhibit A.

17. FIP transmitted this electronic document to Mr. Friley and he signed it.

18. The document, which FIP labeled "Future Income Payment Purchase and Sale Agreement," is, in substance, clearly a loan of $6,000 which was to be paid off by 60 monthly payments of $743.

19. FIP never told Mr. Friley what the interest rate on this extension of credit would be.

20. Nor did FIP tell Mr. Friley that it would aggressively pursue him if he defaulted on his payments.

21. As a condition for receiving the payment promised by FIP, FIP required Mr. Friley to pre-authorize monthly electronic funds transfers ("EFTs") from his Compass Bank account to FIP's bank account. *See Exhibit A.*

22. The contract allowed for no other method of payment.

23. The contract was void *ab initio* for several reasons, including that it was made for an illegal purpose: the assignment of veterans' benefits which are specifically

made non-assignable by 38 U.S.C. §5301.

24. FIP also lacks any sort of license to lend money in Alabama.

25. In August of 2015, Mr. Friley wrote Compass Bank in order to request that they no longer send any of his money to FIP.

26. Compass Bank complied with Mr. Friley's request.

27. Despite Mr. Friley's clear request, on September 2, 2015, another pre-authorized electronic fund transfer[1] was attempted against Mr. Friley's account at Compass.

28. On that same date, Mr. Friley had to speak with Compass by telephone to reverse or halt that transfer.

29. The September 2, 2015 transfer was made or attempted by Defendant Joseph Chora.

30. And on September 2, 2015, Chora's office sent Plaintiff an email announcing the withdrawal of funds. A copy of the email is attached as Exhibit B.

31. Mr. Chora was never authorized to request any money out of Mr. Friley's account, or to write, draft, or create any check, telecheck, or other remote payment method.

32. Mr. Chora's firm, the "Law Offices of Paul P. Young," were never authorized to request any money from Mr. Friley's bank account, or to write, draft, or create any check, telecheck, or other remote payment method.

33. On several occasions, Mr. Friley attempted to negotiate with FIP to settle his debt or arrange a reduced payment plan, but FIP's agents insisted that his only option was to allow the preauthorized drafts to continue, and that failure to make any payment would result in litigation being commenced against him.

---

1  This withdrawal or attempted withdrawal of funds may have been a telecheck, e-check, or remotely created check, which from the consumer's standpoint, is indistinguishable from an EFT.

34. Defendants' conduct has violated the Truth in Lending Act, the Fair Debt Collection Practices Act, and the Electronic Fund Transfers Act.

35. The Defendants' illegal conduct has been severely distressing to Mr. Friley and has caused him substantial damages, including but not limited to out of pocket loss, damage to reputation, embarrassment, stress, anxiety, and mental anguish.

## COUNT ONE AGAINST FIP: TRUTH IN LENDING ACT

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 above.

37. Though the Defendants carefully craft their contracts to avoid the use of the word "loan," the transaction at issue in this case is clearly a plain, old loan.

38. The loan has all the characteristics of a loan: a promise to repay; late fees, account set-up fees, borrower warranties against insolvency or bankruptcy, borrower promises of adequate financial condition, authorization to conduct background checks or run credit reports, authorization to allow collection telephone calls and text messages, authorization to run credit reports and skip traces in the event of a borrower default, collection attorneys' fees, etc.

39. "In determining the real character of a contract, courts will always look to its purpose, rather than to the name given to it by the parties." Hervey v. Rhode Island Locom. Works, 93 U.S. 664, 672 (1876).

40. The purpose of this contract was clear: to make a $6000 loan to Mr. Friley in return for a future stream of high-interest payments.

41. The purpose of Mr. Friley's acceptance of this loan was to help pay his personal debt.

42. The contract at issue in this case was a consumer credit transaction.

43. In any consumer credit transaction, the creditor is required to clearly and

conspicuously disclose the finance charge, APR, and total of payments. These disclosures must be made in writing and in a form the consumer may keep. *12 C.F.R. §1026.17.*

44. FIP failed to disclose the finance charge of this transaction.

45. FIP failed to disclose the APR associated with this transaction.

46. FIP violated the Truth-in-Lending Act by failing to make the required disclosures to Mr. Friley.

47. For its violations of the Truth in Lending Act, FIP is liable to Mr. Friley for all damages caused as a result, plus statutory damages of up to $1,000, costs, and attorneys' fees. *15 U.S.C. §1640.*

48. As a direct result of FIP's violations of the Truth in Lending Act, the Plaintiff has been damaged because he has entered into a loan with usurious interest rates without having been informed of the true cost of such loan.

49. Plaintiff has also lost thousands of dollars as a result of this transaction, and has had to devote significant time and energy into repairing the loss this has caused him.

## COUNT TWO AGAINST FIP: ELECTRONIC FUND TRANSFERS ACT

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 above.

51. The purpose of this contract was to make a $6000 loan to Mr. Friley in return for a future stream of payments.

52. "No person may...condition the extension of credit to a consumer on such a consumer's repayment by means of preauthorized electronic fund transfers." *15 U.S.C. §1693k.*

53. "Any person who fails to comply with any provision" of the Electronic Fund

Transfers Act is liable to the consumer for all actual damages sustained as a result, statutory damages of no less than $100 and no more than $1,000, and costs and attorneys' fees.  *15 U.S.C. §1693m.*

54. In this case, FIP very clearly conditioned its extension of credit to Mr. Friley on his consent to allow preauthorized electronic fund transfers from his account to theirs.

55. The contract between FIP and Mr. Friley requires a preauthorized EFT.

56. It is illegal to require preauthorized EFTs as the sole means of payment on a loan.

57. By requiring Mr. Friley to use a preauthorized EFT, Defendant FIP has violated the EFTA.

58. FIP's violation of the EFTA in this regard has caused Mr. Friley substantial damages.

59. For its violations of the EFTA, FIP is liable to Mr. Friley for all damages arising therefrom, statutory damages of $1,000, plus costs and attorneys' fees.

## COUNT ONE AGAINST YOUNG & CHORA: FDCPA

60. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 above.

61. Defendants Chora and Young are, upon information and belief, attorneys practicing law in California.

62. The primary business of Chora and Young are the collection of debts owed to others.[2]

63. At all times relevant to this proceeding, Chora and Young were acting in an attempt to collect money that was allegedly owed to Defendant FIP (or some

---

[2] The website of Defendants' law firm says: "The Law Offices of Paul P. Young is dedicated to serving the needs of Creditors."  See: www.paulyounglaw.com.

related entity).

64. On September 2, 2015, Chora requested an EFT[3] in the amount of $743.00 from Mr. Friley's account at Compass Bank.

65. In so doing, Defendant Chora was acting on behalf of Defendants Paul Young and FIP.

66. The alleged debt owed by Mr. Friley was personal, and not for any business or commercial purpose.

67. Defendants Chora and Young were attempting to take $743 from Mr. Friley's bank account.

68. The funds in that account were military pension benefits, and were exempt from garnishment, execution, or any claims of non-governmental creditors like the Defendants, pursuant to 38 U.S.C. §5301.

69. Despite the exempt status of these funds, Defendants attempted to take the money anyway.

70. 15 U.S.C. §1692f(6) prohibits debt collectors from taking any non-judicial action to take exempt money from consumers like the Plaintiff.

71. Defendants Chora and Young violated 15 U.S.C. 1692f(6) by taking (or at least attempting to take) nonjudicial action to dispossess exempt funds from Mr. Friley's bank account.

72. 15 U.S.C. §1692g requires that, within 5 days after making initial communication with a consumer, a debt collector send the consumer a written notice containing the amount of the debt, the name of the alleged creditor, and a statement of the consumer's rights to dispute or request certain information relating to the alleged

---

3   Or possibly a telecheck, e-check, or some similar such remotely created check (RCC).

debt.

73. Defendants Chora and Young sent the Plaintiff an email on September 2, 2015 telling him that they had taken $743 from his account.  *See Exhibit B.*

74. Thereafter, Defendants Chora and Young sent nothing to Mr. Friley.

75. Defendants Chora and Young violated 15 U.S.C. §1692g by failing to send Mr. Friley any written notification of his rights within 5 days of their initial contact with him.

76. Defendants Chora and Young also communicated with Compass Bank in their attempts to take $743 out of his account there.

77. All of the communications between Chora and Young and Compass were made in an attempt to collect the alleged debt to FIP.

78. Chora's and Young's communications with Compass Bank were not made to obtain location information on the Plaintiff.

79. 15 U.S.C. §1692c(b) prohibits debt collectors from communicating with third parties in connection with the collection of a debt.

80. Chora and Young violated 15 U.S.C. §1692c by communicating with third parties (including Compass Bank and its agents) in connection with their collection efforts against the Plaintiff.

81. 15 U.S.C. §1692e prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

82. Chora and Young falsely represented to Compass Bank that they had authorization to make a $743 EFT withdrawal from Mr. Friley's bank account.

83. Alternatively, Chora and Young created, wrote, sent, or caused to be sent to Compass Bank a check, check image, or other payment instrument which was

either forged or created or sent without Mr. Friley's authorization.

84. Sending a bank a false, forged, or unauthorized payment instrument or EFT request is a false and deceptive means to collect a debt.

85. Plaintiff has been damaged by the conduct of Defendants Chora and Young as described above.

86. For their violations of the Fai Debt Collection Practices Act, Defendants Chora and Young are liable to Mr. Friley for any damages sustained thereby, $1,000 of statutory damages, costs, and attorneys' fees.  15 U.S.C. §1692k.

WHEREFORE, PREMISES CONSIDERED, Your Plaintiff respectfully prays this Honorable Court award the following:

A) A trial by a struck jury;

B) Actual damages, statutory damages of $1,000, costs, and attorneys' fees for Defendants' violations of the Truth in Lending Act;

C) Actual damages, statutory damages of $1,000, costs, and attorneys' fees for Defendants' violations of the Electronic Fund Transfers Act;

D) Actual damages, statutory damages of $1,000, costs, and attorneys' fees for Defendants' violations of the Fair Debt Collection Practices Act;

E) Such other relief as the Court deems just and proper.


RESPECTFULLY SUBMITTED THIS 6th Day of January, 2016.

/s/ Judson E. Crump
Judson E. Crump
Attorney for Plaintiff

Judson E. Crump, PC

250 Congress Street
Mobile, AL 36603
251.272.9148
judson@judsonecrump.com